UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00035-MOC
(3:21-cr-00160-MOC-DSC)

| | |
|---|---|
| KERRY SHINE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| U.S. MARSHELL, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Pro Se Petition for Writ of Habeas Corpus, [CV Doc. 1],[1] which the Court construes as seeking relief under 28 U.S.C. § 2241.

I. **BACKGROUND**

On June 15, 2021, Petitioner Kerry Shine ("Petitioner") was charged in a Bill of Indictment with one count of possession of a firearm by a convicted felon (Count One) and one count of possession of a firearm and ammunition by a convicted felon (Count Two), all in violation of 18 U.S.C. § 922(g)(1). [CR Doc. 1: Bill of Indictment]. An arrest warrant for Petitioner issued the same day. [CR Doc. 2]. Petitioner was arrested on June 22, 2021. [6/22/2021 CR Docket Entry]. In his criminal proceedings, Petitioner is represented by appointed counsel. [6/24/2021 CR Docket Entry]. On June 30, 2021, a Magistrate Judge ordered Petitioner detained pending trial based on the reasons found and findings made by the Magistrate. [CR Doc. 8]. These included the strong

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:23-cv-00035-MOC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:21-cr-00160-MOC-DSC.

weight of evidence against Petitioner; the length of his period of conviction if convicted; his prior criminal history; his participation in criminal activity while on probation, parole, or supervision; his history of violence or use of weapons; his prior attempt(s) to evade law enforcement; and his prior violations of probation, parole, or supervised release. [Id. at 3]. The Magistrate Judge also noted that "probation recommends detention." [Id.]. Ultimately, the Magistrate Judge concluded that (1) "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community," and (2) "[b]y a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure [Petitioner's] appearance as required." [Id. at 2]. On June 21, 2022, after losing a motion to suppress evidence [CR Doc. 30] and in accordance with a plea agreement [CR Doc. 34], Petitioner pleaded guilty to Count One. [CR Doc. 36]. On September 19, 2022, the final Presentence Investigation Report was filed. [CR Doc. 45]. On October 31, 2022, Petitioner filed a pro se letter in his criminal proceeding requesting his release, which the Court construed as a motion for sentencing. [CR Doc. 47]. The Court denied the motion without prejudice, noting that it does not typically entertain pro se motions by represented parties. [CR Doc. 48]. Petitioner's sentencing hearing has not yet been set. He remains in the physical custody of the Catawba County Detention Center awaiting sentencing.

On January 18, 2023, Petitioner filed the instant pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. [CV Doc. 1]. Petitioner alleges that he was deprived of his liberty through the Charlotte Mecklenburg Police Department's execution of the federal warrant on June 22, 2021 because the warrant lacked probable cause. Petitioner also claims that he was improperly denied bond and forced into a contract with the Government in hopes of securing his freedom. [Id. at 1-2]. Petitioner argues that he has been detained for longer than the recommended guidelines

2

Case 3:23-cv-00035-MOC   Document 4   Filed 03/27/23   Page 2 of 5

sentence for his offense. [Id. at 2]. Petitioner filed an addendum to his habeas petition elaborating on these arguments. [See CV Doc. 3].

For relief, Petitioner seeks release from detention. [CV Doc. 1 at 3].

## II. DISCUSSION

Ordinarily, "defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). A petition for a writ of habeas corpus under 28 U.S.C. § 2241, on the other hand, must attack the way a sentence is executed. A district court, however, may consider a § 2241 petition challenging the validity of a prisoner's conviction or sentence when § 2255 is "inadequate or ineffective to test the legality of … detention." 28 U.S.C. § 2255(e); In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Further, a pretrial detainee may file a habeas corpus petition pursuant to 28 U.S.C. § 2241 in certain situations to test the legality of his detention. See United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995). To be eligible for habeas relief under § 2241, a federal pretrial detainee must first exhaust other available remedies, particularly those available under 18 U.S.C. § 3145. See e.g., United States v. Addonizio, 442 U.S. 178, 184 n. 10 (1979) (noting that "the writ of habeas corpus should not do service for an appeal"); Fassler v. United States, 858 F.2d 1016, 1018-19 (5th Cir. 1998) (per curiam) (noting that, absent unique circumstances, a defendant cannot use § 2241 to challenge a pretrial detention order than can be challenged under 18 U.S.C. § 3145).

Section 3145 provides, in pertinent part, as follows:

> (b) Review of a detention order. –If a person is ordered detained by a magistrate, or by a person other than a judge of a court having original jurisdiction over the offense and other than a federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

3

> (c) Appeal from a release or detention order. –An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3142(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(b)-(c). "[T]he one remedy which should be exhausted by a federal pretrial detainee prior to filing a habeas petition under § 2241 is a motion for review of the detention order pursuant to § 3145." Simmons v. Al Cannon Detention Center, No. 8:20-cv-2897-DCC-JDA, 2020 WL 6136601, at *4 (D.S.C. Aug. 18, 2020) (internal quotation and citation omitted).

Here, Petitioner seeks to challenge his pre-trial detention under 28 U.S.C. § 2241. Petitioner, however, has not first sought review under 18 U.S.C. § 3145 through appeal to either this Court and/or to the Fourth Circuit. Because Petitioner failed to exhaust the remedies available to him under § 3145, this petition is not properly before the Court. The Court will, therefore, dismiss it without prejudice. Petitioner is advised that any such challenge to his pre-trial detention should be filed in his criminal proceeding, not as a separate civil action.

### III. CONCLUSION

For the reasons stated herein, Petitioner's § 2241 petition is denied and dismissed without prejudice.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's Petition for Writ of Habeas Corpus under § 2241 [Doc. 1] is **DENIED** and **DISMISSED without prejudice**.

2. The Clerk is directed to terminate this action.

4

**IT IS SO ORDERED**.

Signed: March 27, 2023

Max O. Cogburn Jr
United States District Judge